UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JOSHUA JAMES ENLOE,                     )
                                        )
            Petitioner,                 )
      v.                                )            No. 2:22-cv-00019-SEP
                                        )
RANDY SMITH,                            )
                                        )
                                        )
            Respondent.                 )

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Joshua James Enloe's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  For the reasons discussed below, the petition will be denied and dismissed for failure to exhaust state remedies.

### BACKGROUND

Petitioner is a self-represented litigant who is currently a pretrial detainee at the Randolph County Jail in Huntsville, Missouri.  On September 27, 2021, a criminal complaint was filed charging him with felony tampering with a judicial officer.  *State of Missouri v. Enloe*, No. 21LI-CR00436 (9th Jud. Cir., Linn County).[1]  The charge stemmed from alleged harassment and intimidation of Linn County Prosecuting Attorney Shiante McMahon.  A preliminary hearing was held on October 15, 2021, after which the case was bound over for arraignment.

On October 27, 2021, Petitioner was arraigned and entered a plea of not guilty.  *State of Missouri v. Enloe*, No. 21LI-CR00436-01 (9th Jud. Cir., Linn County).  On December 29, 2021, Petitioner's defense attorney filed a motion for a psychiatric examination.  The motion was granted on December 30, 2021.  The results of the examination were filed with the circuit court, and on May 23, 2022, Petitioner was committed to the Missouri Department of Mental Health because of his incompetency to proceed.  The circuit court suspended Petitioner's criminal proceedings and ordered the Director of the Department of Mental Health to examine Petitioner no later than six months from the date of its order.

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system.  The Court takes judicial notice of those public records.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

On April 4, 2022, prior to his commitment, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.

## THE PETITION AND SUBSEQUENT FILINGS

Petitioner's petition is on a Court-provided 28 U.S.C. § 2241 form.  In the petition, he explains that he is a pretrial detainee who is "waiting trial on an illegal arrest and . . . illegal or constitutional violations."  (Doc. 1 at 1).  As such, Petitioner states that he is challenging the "constitutional jurisdiction, constitutional violations, improper practice and procedures, and improper venue" in *State of Missouri v. Enloe*, No. 21LI-CR00436.  Doc. 1 at 2.

The petition contains four separate grounds for relief.  In ground one, Petitioner states that his alleged victim, Prosecutor McMahon, improperly "reported the case to local law enforcement instead of the F.B.I. who has original jurisdiction in [the] case," and that there was no probable cause to support the arrest warrant issued on September 27, 2021.  Doc. 1 at 6.  In ground two, Petitioner alleges that Judge Terry Tschannen recused himself and referred the case to the Missouri Supreme Court, thereby "admitting the case is a[n] Article 3" case and "automatically a case for the United State[s] Supreme Court."[2]  *Id*.  He accuses Chief Justice Paul Wilson of "wrongfully" placing a circuit judge over his case "to cover up for a deeper crime."  *Id*.

In ground three, Petitioner asserts that "the state lacks jurisdiction in [his] case and refuses to refer [his] case to the higher court," and that "there was no proper probable cause to support the complaint for a warrant."  *Id*.  Finally, in ground four, Petitioner claims that there have been "improper hearings done out of order," that he was not read his *Miranda* warnings, and that Missouri law enforcement has intentionally entrapped him.  *Id*. at 7.

For relief, Petitioner asks that the United States Marshals immediately take him into custody, and that this Court transfer his case to the United States Supreme Court.  He also seeks $500 million in damages.  *Id*.

On April 18, 2022, Petitioner submitted a "writ of mandamus" under "Federal Circuit Rule 50."  Doc. 3 at 1.  In the document, he seeks to keep "all employees" and "former

---

[2] It appears that Petitioner is referring to an order entered on September 28, 2021, in which the presiding judge recused himself and forwarded the case to the Missouri Supreme Court for reassignment.  On September 29, 2021, the Missouri Supreme Court appointed Mercer County Circuit Judge Matthew Krohn to oversee Petitioner's case.

employees" of the Macon County Jail, the Randolph County Jail, and the "sheriffs of Missouri involved in [his] case" from participating in his prosecution or practicing law.  Petitioner also requests "immediate removal" from the Randolph County Jail because the sheriff, jailers, and jail administrators are allegedly "pumping chemical gases in [his] cell."  *Id*. at 2.  He states that "the sheriff and . . . jailers are [using] . . . acid and aluminum foil and running a hose in [his] cell in intake hitting [him] with carbon monoxide."  *Id*. at 7.  The same day, the Court received a letter from Petitioner in which he claims that "the jail is discarding [his] mail and opening it."  Doc. 4.

On May 12, 2022, Petitioner filed a "Motion to Transfer" pursuant to Federal Rule of Criminal Procedure 21, seeking to have his state criminal case transferred to this Court.[3]  Doc. 7 at 1.  He argues that such a "motion can be made at or before an arraignment or at any stage as the rules permit."  As such, Petitioner requests that his case be transferred from the "State Supreme Court of Missouri" to "the Federal Court," at which point it could then "be transferred to the higher courts as previously petitioned."  *Id*.

On May 16, 2022, Petitioner filed a "Motion for Joint Trial of [Separate] Cases" pursuant to Federal Rule of Criminal Procedure 13.[4]  Doc. 8 at 1.  In the motion, he seeks to have a joint trial for two different state court cases, one from Linn County, the other from Macon County.  Along with this motion, Petitioner filed a supporting brief in which he argues that a "prosecutor is not [supposed] to prosecute a case that is not supported by probable cause," and that the Macon County case only exists because the Linn County prosecutor "filed an illegal warrant on [him] that lacked probable cause."  Doc. 9 at 1.  Additionally, Petitioner contends that his "case is a[n] Article 3 case and the state lacks jurisdiction."  *Id*. at 2.

On May 19, 2022, Petitioner filed a "Motion for Attorneys Fees," seeking to be awarded "attorney fees as a pro se litigant."  Doc. 11 at 1.  Specifically, under Local Rule 8.02, he requests "an hourly [sum]" based on the "pay scale for holidays, overtime, and time on the job."[5]

---

[3] Fed. R. Crim. P. 21 governs "transfer for trial" upon a defendant's motion, either for prejudice or convenience.

[4] Fed. R. Crim. P. 13 provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."

[5] E.D. Mo. L.R. 8.02 provides that "[a] party seeking an award of attorney's fees shall file a motion for attorney's fees no later than twenty-one (21) days after entry of final judgment pursuant to Fed. R. Civ. P. 58."

3

On May 20, 2022, Petitioner filed a "Motion of Mandamus," demanding that the Court "decide on [his] motions . . . under Fed. Crim. Rule 61" relating to "victim[']s rights." Doc. 12 at 1.  He asserts that he is a "victim" of "constitutional violations," and that he "want[s] a response without delay." *Id*.  In particular, Petitioner wants the Court to grant him *in forma pauperis* status, "to order the U.S. Marshals to see to [his] need[s] and [his] safety," and to grant him greater access to "phone, mail, fax, or email" to litigate his case.  *Id*. at 2-4.  The same day, the Court received a letter from Petitioner accusing the Clerk of Court of failing to keep him "updated" about his case.  Doc. 13 at 1.  He asserts that this "will be the last attempt" he makes to "obtain a response," and threatens to "seek a Federal Rule 50 . . . suspension of court employees [due] to negligence in [his] case by not keeping [him] informed." *Id*. at 1-2.

On May 23, 2022, the Court received a letter directed to the Clerk of Court, in which Petitioner demands a jury trial.  Doc. 14 at 1.  Along with the letter, Petitioner submitted a "Motion for Initial Appearance" under Federal Rule of Criminal Procedure 43.[6]  Doc. 15.  In this motion, Petitioner requests to be taken into the custody of the United States Marshals and immediately brought "forth for an initial appearance."  *Id*.

Finally, on May 27, 2022, the Court received a letter from Petitioner titled "Attention Court Clerks."  In the letter, he once again threatens "Federal Rule 50" sanctions, under which the President of the United States would suspend court employees unless he received "judgements in the above case this week."  Doc. 16.

DISCUSSION

Petitioner, a self-represented litigant, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, the petition will be denied and dismissed.

**A.  28 U.S.C. § 2241**

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial").  In this case, Petitioner is seeking a writ of habeas corpus as a pretrial detainee, prior to conviction and sentencing.

---

[6] Fed. R. Crim. P. 43 outlines when a criminal defendant's presence is or is not required.

Pursuant to 28 U.S.C. § 2241(c)(3), a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[7] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241.  *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (it was well established that federal district courts could entertain a § 2241 petition in which Petitioner asserted an impending Double Jeopardy Clause violation); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

In short, though habeas is typically a post-conviction remedy, a pretrial detainee such as Petitioner can bring a habeas petition pursuant to the general writ of habeas corpus in 28 U.S.C. § 2241.  Still, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).  Accordingly, under the applicable case law, a pretrial detainee seeking habeas relief must either exhaust his remedies in state court or demonstrate the existence of special circumstances.

## B. Exhaustion Requirement

Although the language of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases).  *See also Sacco*, 649 F.2d at 635-36 (a petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v.*

---

[7] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

5

*Anoka Cty. Dist. Courts*, 2019 WL 6879367, at \*1 (D. Minn. 2019) ("[a] state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available"); *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) (before a court can review the claims of a state pretrial detainee under 28 U.S.C. § 2241, "the Petitioner must have exhausted his available state remedies"). In this case, there is no indication that Petitioner has exhausted his state remedies before filing this petition.

### C. No Special Circumstances

A pretrial detainee can only avoid exhausting state remedies if he can demonstrate the existence of special circumstances. *See Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances"). Generally, courts have only found the existence of special circumstances where a speedy trial claim was raised or double jeopardy was at issue. *See Curtis v. Missouri*, 2019 WL 5558224, at \*1 (E.D. Mo. 2019).

Petitioner here cites none of the "special circumstances" that might excuse him from first exhausting his state remedies before seeking relief in federal court. Specifically, Petitioner's claims do not implicate the Double Jeopardy Clause or his speedy trial rights. He must therefore present his grounds in state court before pursuing a petition for writ of habeas corpus.

### D. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. That rule is applicable to petitions arising under 28 U.S.C. § 2241.[8] Here, Petitioner is plainly not entitled to relief because he has not exhausted his state remedies, and he cites no "special circumstances" that would excuse him from exhausting. Therefore, the petition must be denied and dismissed.

---

[8] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts states that "[t]he district court may apply any or all of these rules to a habeas petition not" filed pursuant to 28 U.S.C. § 2254.

### E.  Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court").  In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### F.  Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed *in forma pauperis*.  Doc. 2.  Having reviewed the motion, the Court finds that it should be granted.

### G.  Motion to Transfer and Motion for Joint Trial

Petitioner has filed a motion to transfer under Federal Rule of Criminal Procedure 21 and a Motion for Joint Trial of Separate Cases under Federal Rule of Criminal Procedure 13.  Docs. 7, 8.  The motions will be denied as moot in light of the Court's denial and dismissal of the petition for failure to exhaust state remedies.

### H.  Motion for Attorney's Fees

Petitioner has filed a motion for attorney's fees, seeking compensation for the time he has spent researching and filing his case.  Doc. 11.  He provides no support for the proposition that a self-represented and non-attorney litigant can recover attorneys' fees.  To the contrary, pro se litigants are generally prevented from being awarded such fees.  *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (stating "that a pro se litigant who is not a lawyer is not entitled to attorney's fees" under 42 U.S.C. § 1988); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979) (determining that a pro se litigant is not entitled to attorneys' fees under 42 U.S.C. § 1988); *Simon v. Federal Bureau of Prisons*, 2016 WL 5109543, at *5 (D. Minn. 2016) (a litigant could not recover attorneys' fees under the Freedom of Information Act because he conducted his case pro se); *Farah v. Sessions*, 2017 WL 2257383, at *2 (D. Minn. 2017) (recommending denial of attorney's fees under the

Equal Access to Justice Act because habeas petitioner "proceeded pro se for the entirety of this action"). Therefore, Petitioner's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motions to transfer (Doc. 7) and for joint trial (Doc. 8) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion for attorneys' fees (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Doc. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 2nd day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE