# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JOSHUA JAMES ENLOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00019-SEP |
| ) | |
| RANDY SMITH, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court are five separate motions filed by Petitioner Joshua James Enloe. First, Petitioner has filed a Motion for Joinder of Claims and Remedies, seeking a "joint trial" for two separate state criminal cases. Doc. [20]. Second, he has filed a Motion for Stay of Proceedings to Enforce a Judgment, Doc. [23], asking that his criminal case from Macon County, Missouri, be stayed until this Court rules on his petition for writ of habeas corpus. Third, Petitioner has filed a Motion for Miscellaneous Relief, seeking "expedited consideration" of his motion for leave to proceed *in forma pauperis*. Doc. [24]. Fourth, he has filed a Motion for Change of Venue, requesting that the instant case be transferred to the United States Supreme Court. Doc. [26]. Finally, Petitioner has submitted a "Motion to Object to Dismissal of Case," which has been construed as a motion for reconsideration. Doc. [34]. Petitioner argues that his 28 U.S.C. § 2241 petition for writ of habeas corpus should not have been dismissed for failure to exhaust state remedies. To support this contention, he asserts that this Court has "original jurisdiction" over this matter.

Petitioner is a self-represented pretrial detainee who initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. [1]. On June 2, 2022, the Court denied and dismissed his petition for failure to exhaust. Doc. [18]. Specifically, the Court determined that Petitioner had not yet exhausted his state remedies, as his criminal case remained pending. And Petitioner had not presented any "special circumstances" that might have excused his failure to exhaust. Because Petitioner's case has been dismissed, his motions for joinder of claims, stay of proceedings, miscellaneous relief, and change of venue are moot.

With regard to the motion for reconsideration, the Court declines to alter or amend its judgment.  Petitioner's motion fails to point to any manifest errors of law or fact, describe any newly discovered evidence, or address the issue of exhaustion.  Instead, the motion merely revisits the same arguments set forth in his petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions for Joinder, Doc. [20], to Stay Proceedings, Doc. [23], for Miscellaneous Relief, Doc. [24], and for Change of Venue, Doc. [26], are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration, Doc. [34], is **DENIED**.

Dated this 27th day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE